UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:19-cv-188-FDW

| | |
|---|---|
| EDDRICCO LI'SHAUN BROWN-BEY,[1] )<br>)<br>      Plaintiff, )<br>)<br>vs. )<br>)<br>STATE OF NORTH CAROLINA, et al., )<br>)<br>      Defendants. )<br>_____) | **ORDER** |

**THIS MATTER** is before the Court *sua sponte* review of the Order granting Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, (Doc. No. 5).

*Pro se* Plaintiff is a prisoner of the State of North Carolina and is presently incarcerated at the Tabor Correctional Institution. He filed this civil rights suit pursuant to 42 U.S.C. § 1983, against the State of North Carolina and prosecutor Milton Oliver Fletcher. He identifies himself as a "Aboriginal/Aboriginie," and asks the Court to revoke his plea agreement, vacate his criminal charges, award him $100,000 in compensatory damages and $50,000 in punitive damages, and recognize his "Aboriginal Status." (Doc. No. 1 at 5, 13).

The Prison Litigation Reform Act ("PLRA") provides, in part, that if a prisoner has had three prior cases dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted, the prisoner may not proceed *in forma pauperis* and must pay all filing fees up-front for his subsequent suits.[2] 28 U.S.C. § 1915(g); see also Blakely v. Wards, 738 F.3d 607, 609

---

[1] Plaintiff is incarcerated under the name Eddricco L Brown and he is also known as Eddricco Lishaun Brown. See North Carolina Department of Public Safety Public Offender information, available at https://www.ncdps.gov/dps-services/crime-data/offender-search; Fed. R. Ev. 201.

[2] There is an exception to this rule which does not apply here. See 28 U.S.C. § 1915(g).

1

(4th Cir. 2013), as amended (Oct. 22, 2013).

At least three of Plaintiff's prior civil actions were dismissed as frivolous: Brown-Bey v. Hooks, 3:18-cv-460, 2018 WL 4620617 (W.D.N.C. Sept. 26, 2018); Brown-Bey v. Hooks, 1:18-cv-15, 2018 WL 576309 (W.D.N.C. Jan. 26, 2018); Brown-Bey v. Mecklenburg Health Dep't, 3:17-cv-279, 2017 WL 4484243 (W.D.N.C. June 16, 2017).

The PLRA "three strikes" rule was enacted to bar prisoners like Plaintiff, who have filed prior frivolous litigation in federal court, from pursuing certain types of federal litigation without prepaying the filing fee. To avoid application of 28 U.S.C. § 1915(g), a prisoner must demonstrate that an exception to this bar applies or prepay the filing fee in full.

Plaintiff has not prepaid the filing fee and he may not proceed *in forma pauperis*. 28 U.S.C. § 1915(g). Consequently, the Court will dismiss the Complaint without prejudice. Plaintiff may refile his Complaint after he has prepaid the filing fee in full.

The Clerk of Court's Financial Department will be instructed to reimburse Plaintiff for funds that have been collected for the payment of his filing fee in this case, if any. See LCvR 3.1(e). The Clerk will further be instructed to mail a copy of this Order to the Tabor Correctional Institution so that deductions from Plaintiff's inmate account for this case can be terminated.

**IT IS, THEREFORE, ORDERED** that:

1. The Order waiving the initial partial filing fee and directing monthly payments from Plaintiff's inmate account, (Doc. No. 5), is **VACATED**.
2. The Clerk of Court's Financial Department is instructed to reimburse Plaintiff for funds that have been collected for the payment of his filing fee in this case, if any, and the Clerk is respectfully instructed to mail a copy of this Order to the Tabor Correctional Institution so that deductions from Plaintiff's inmate account for this case can be

terminated.

3. Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, (Doc. No. 2), is **DENIED**.

4. Plaintiff's Complaint, (Doc. No. 1), is **DISMISSED without prejudice**.

5. The Clerk is further instructed to add Plaintiff to the Court's Filer Status Report in CM-ECF as a three-striker and close this case.

Signed: December 9, 2019

Frank D. Whitney
Chief United States District Judge